UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No:

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

       Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation
VIA ART GALLERY INC., a Florida corporation,
VIA WORLD ART GALLERY, LLC a Florida corporation,
SILVIA CASTRO and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

       Defendants.

---

## COMPLAINT
---

Plaintiffs, MARLON COSTA and MARIIA MYTROFANOVA and ANASTASIIA MOLOTKOVA (herein "Plaintiffs"), by and through the undersigned attorney, sues Defendants, GROVE FINE ART LLC d/b/a Grove Fine Art, a Florida corporation, VIA ART GALLERY INC., a Florida corporation, VIA WORLD ART GALLERY, LLC a Florida corporation, SILVIA CASTRO and LESLIE ROBERTS a/k/a HOWARD ROBERTS, individuals (herein collectively "Defendants"), and allege:

**JURISDICTION AND VENUE**

1. Plaintiffs were employees of Defendants and brings this action for unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and 26 U.S.C. § 7434.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

3. This Court has original jurisdiction over Plaintiffs' federal question claims.

**PARTIES**

4. Plaintiff MARLON COSTA is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Plaintiff MARIIA MYTROFANOVA is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Plaintiff ANASTASIIA MOLOTKOVA is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

7. Defendant GROVE FINE ART, LLC. d/b/a Grove Fine Art ("Grove Art") is a Florida for profit corporation that owns and operates two stores in Miami-Dade County at which Plaintiffs were employed.

8. Defendant VIA ART GALLERY INC., ("VIA ART") a Florida corporation is a Florida for profit corporation that owns and operates a business at which Plaintiffs were employed.

9. Defendant VIA WORLD ART GALLERY, LLC ("VIA WORLD") a Florida corporation is a Florida for profit corporation that owns and operates a business at which Plaintiffs were employed.

10. Defendant SILVIA CASTRO ("CASTRO"), an individual and *sui juris*, is the owner of and employer at GROVE ART; an owner and employer at VIA ART; and employer at VIA WORLD.

11. Defendant HOWARD ROBERTS ("ROBERTS"), an individual and *sui juris*, is an employer at GROVE ART; an owner and employer at VIA WORLD; and an employer at VIA ART.

## COVERAGE

### Coverage: Grove Art

12. During all material times, GROVE ART was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. During all material times, GROVE ART had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Plaintiffs were engaged in commerce under the FLSA because they directly participated in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, or (ii) by regularly using the instrumentalities of interstate commerce in their work.

### Coverage: Via Art

15. During all material times, VIA ART was an employer as defined by 29 U.S.C. § 203(d). During all material times, VIA ART was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. During all material times, VIA ART had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Plaintiffs were engaged in commerce under the FLSA because they directly participated in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, or (ii) by regularly using the instrumentalities of interstate commerce in their work.

### Coverage: Via World

18. During all material times, VIA WORLD was an employer as defined by 29 U.S.C. § 203(d). During all material times, VIA WORLD was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in

the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has/had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. During all material times, VIA WORLD had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Plaintiffs were engaged in commerce because they directly participated in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, or (ii) by regularly using the instrumentalities of interstate commerce in their work.

21. During all material times, VIA WORLD was an employer as defined by 29 U.S.C. § 203(d).

22. During all material times, Defendant CASTRO was an employer as defined by 29 U.S.C. § 203(d) because CASTRO acted directly and indirectly in the interest of Defendants and had the power to direct employees' actions. CASTRO had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees, including the Plaintiffs, at Grove Fine Art in accordance with the FLSA, making Defendant CASTRO an employer pursuant to 29 USC § 203(d).

23. During all material times, Defendant ROBERTS was an employer as defined by 29 U.S.C. § 203(d) because ROBERTS acted directly and indirectly in the interest of Defendants

and had the power to direct employees' actions. ROBERTS had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees, including the Plaintiffs, at Grove Fine Art in accordance with the FLSA, making Defendant ROBERTS an employer pursuant to 29 USC § 203(d).

### Join Enterprise

24. Together, GROVE ART, VIA ART, and VIA WORLD were a joint enterprise doing business as Grove Fine Art with two locations; 3444 Main Street, Coconut Grove, Florida, 33133 and 900 S. Miami Ave. Suite 182, Miami Florida 33130. The activities by the corporate Defendants at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose. The power to direct, restrict, regulate, govern or administer the performance of the unified corporations resided in the individual defendants acting in their corporate capacities as owners.

### COMMON FACTUAL ALLEGATIONS

25. Plaintiffs were non-exempt employees while working for Defendants during their individual employment periods at Grove Fine Art (the "Employment Period").

26. During the Employment Period, Defendants did not comply with the FLSA because it failed to properly compensate Plaintiffs for all of their work hours at the proper rate of pay.

27. As a result of these practices, Plaintiffs were not properly compensated for all hours worked and are owed unpaid wages for hours worked during their Employment Period.

28. Plaintiff hired the undersigned law firm to pursue this action, and is obligated to pay them reasonable fees and costs if they prevail.

29. Defendants willfully and intentionally refused to pay Plaintiffs overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA. Defendants remain owing Plaintiffs these wages for the time period specified above.

30. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA. Defendants were aware, or should have been aware that Plaintiffs were not being properly compensated for all work hours, and specifically, Defendants were aware that Plaintiffs were not being compensated overtime hours at a rate of time-and-one-half the regular rate. In order to avoid having to pay Plaintiffs a proper overtime rate, Defendants fraudulently told Plaintiffs there were "1099 Independent Contractors," when in fact they were non-exempt employees.

## COUNT I – UNPAID OVERTIME WAGES – MARLON COSTA

31. Plaintiff COSTA reincorporates and readopts all allegations contained within Paragraphs 1- 30 above.

32. COSTA worked for Defendants from approximately November, 2017 to July 22, 2018 and was paid an hourly rate of $12 per.

33. COSTA worked in excess of 40 hours in a work week but was not paid the premium portion ($6/hr.) for the overtime hours he worked.

34. As a non-exempt employee, COSTA was entitled to be paid for all hours worked.

35. Defendants told COSTA he was as an independent contractor and paid him only the regular hourly rate for the hours he worked, including overtime hours.

36. COSTA was not an independent contractor; he was an employee of Defendants.

37. Because COSTA was a non-exempt employee of the Defendants, he was entitled to be paid the overtime premium of one-and-half times the minimum wage rate for all hours worked in excess of forty hours in a work week.

38. Defendants purposefully misinformed COSTA that he was an independent contractor and not an employee so that Defendants would not have to pay COSTA the overtime premium. COSTA was induced by Defendants to believe he was not entitled to be paid an overtime premium rate of pay of $18 per hour.

39. COSTA estimates that he worked 125.5 over time hours for which he was paid the straight time wage of $12/hr. instead of the overtime premium rate of $18/hr. COSTA estimates he is owed $753.00 in unpaid overtime wages.

40. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay him for all hours worked in one or more work weeks, COSTA has suffered damages plus incurring reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, COSTA demands judgment against Defendants for the payment of all unpaid overtime wages for hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorney's fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II – UNPAID OVERTIME WAGES - MARIIA MYTROFANOVA

41. MYTROFANOVA reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

42. MYTROFANOVA worked for Defendants as an art gallery assistant from approximately June 2017 to July 2018 and was paid an hourly rate of $12 per.

43. MYTROFANOVA worked in excess of 40 hours in a work week but was not paid the premium portion ($6/hr.) for the overtime hours she worked.

44. As a non-exempt employee, MYTROFANOVA was entitled to be paid for all hours worked.

45. Defendants told MYTROFANOVA she was as an independent contractor and paid her only the regular hourly rate for the hours she worked, including overtime hours.

46. MYTROFANOVA was not an independent contractor; she was an employee of Defendants.

47. Because MYTROFANOVA was a non-exempt employee of the Defendants, she was entitled to be paid the overtime premium of one-and-half times the minimum wage rate for all hours worked in excess of forty hours in a work week.

48. Defendants purposefully misinformed MYTROFANOVA that she was an independent contractor and not an employee so that Defendants would not have to pay MYTROFANOVA the overtime premium.  MYTROFANOVA was induced by Defendants to believe she was not entitled to be paid an overtime premium rate of pay of $18 per hour.

49. MYTROFANOVA estimates that she worked 104 over time hours for which she was paid the straight time wage of $12/hr. instead of the overtime premium rate of $18/hr. MYTROFANOVA estimates she is owed $624.00 in unpaid overtime wages.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay her for all hours worked in one or more work weeks, MYTROFANOVA has suffered damages plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, MYTROFANOVA demands judgment against Defendants for the payment of all unpaid wages for hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III – UNPAID OVERTIME WAGES - MARIIA MYTROFANOVA**

51. MOLOTKOVA reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

52. MOLOTKOVA worked for Defendants as an art gallery assistant from approximately October 2017 to May 2018 and was paid an hourly rate of $12 per.

53. MOLOTKOVA worked in excess of 40 hours in a work week but was not paid the premium portion ($6/hr.) for the overtime hours she worked.

54. As a non-exempt employee, MOLOTKOVA was entitled to be paid for all hours worked.

55. Defendants told MOLOTKOVA she was as an independent contractor and paid her only the regular hourly rate for the hours she worked, including overtime hours.

56. MOLOTKOVA was not an independent contractor; she was an employee of Defendants.

57. Because MOLOTKOVA was a non-exempt employee of the Defendants, she was entitled to be paid the overtime premium of one-and-half times the minimum wage rate for all hours worked in excess of forty hours in a work week.

58. Defendants purposefully misinformed MOLOTKOVA that she was an independent contractor and not an employee so that Defendants would not have to pay

MOLOTKOVA the overtime premium. MOLOTKOVA was induced by Defendants to believe she was not entitled to be paid an overtime premium rate of pay of $18 per hour.

59. MOLOTKOVA estimates that she worked 14.5 over time hours for which she was paid the straight time wage of $12/hr. instead of the overtime premium rate of $18/hr. MOLOTKOVA estimates she is owed $87.00 in unpaid overtime wages.

60. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay her for all hours worked in one or more work weeks, MOLOTKOVA has suffered damages plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, MOLOTKOVA demands judgment against Defendants for the payment of all unpaid wages for hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – 26 U.S.C. § 7434

61. Plaintiffs reincorporates and re-alleges paragraphs 1 through 11, 20, 24, 25, 35, 36, 45, 46, 55, and 56 as though set forth fully herein and further allege as follows:

62. Defendants had an obligation to provide correct information returns to the IRS and to Plaintiffs.

63. Defendants served/filed and/or caused to be served/filed knowingly false annual tax returns for Plaintiffs for the year Plaintiffs worked for Defendants by purposely misclassifying Plaintiffs as independent contractors in each information return submitted.

64. Defendants served/filed and/or caused to be served/filed knowingly false annual tax returns for COSTA, MYTROFANOVA, and MOLOTKOVA for 2017 by purposely

misclassifying COSTA, MYTROFANOVA, and MOLOTKOVA as an independent contractors in the information return submitted for 2017, and by not paying the required employment taxes on their behalf for calendar year 2017.

65. Defendants provided paychecks to Plaintiffs and are directly responsible for the issuance of paychecks to them, calculations of withholdings from Plaintiffs' pay, the payment of taxes to the IRS, the preparation of its annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

66. Defendants acted willfully and with knowledge and intent to defraud while avoiding their tax responsibilities to their employees and to the IRS.

67. Plaintiffs suffered damages as a result of Defendants' willful provision of false information returns including the failure to include the wages paid to them in cash or check, the associated failure to receive the required contribution to their taxes by their employers, the lack of a contribution to social security from wages earned in relevant calendar years for the wages they received, and the like, as a result of Defendants' intentional and willful acts as described above.

68. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

**(1)** any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

    **(2)** the costs of the action, and
    **(3)** in the court's discretion, reasonable attorneys' fees.

WHEREFORE, Plaintiffs, COSTA, MYTROFANOVA, and MOLOTKOVA demand the entry of a judgment in his/her favor and against Defendant Defendants, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendants for each year, or, the damages proximately caused by Defendants' conduct for 2017;

b. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiffs recovers all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: October 1, 2018.

                                             /s/  Lowell J. Kuvin
                                        Fla. Bar No.:53072
                                        lowell@kuvinlaw.com
                                        Law Office of Lowell J. Kuvin, LLC
                                        17 East Flagler St. Suite 223
                                        Miami Florida 33131
                                        Tele:   305.358.6800
                                        Fax:    305.358.6808
                                        *Attorney for Plaintiffs*