UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:18-cv-24031-KMW

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation,
VIA ART GALLERY INC., a Florida corporation,
VIA WORLD ART GALLERY, LLC a Florida corporation,
SILVIA CASTRO and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

Defendants.
_________________________________/

**DEFENDANT, LESLIE ROBERTS A/K/A HOWARD ROBERTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Defendant, Leslie Roberts a/k/a Howard Roberts ("Mr. Roberts"), through undersigned counsel, hereby move this Court for an Order dismissing Plaintiffs' Complaint (the "Complaint") [D.E. 1], or in the alternative, for a more definite statement. In support thereof, Mr. Roberts states as follows:

## I. INTRODUCTION

This case involves Plaintiffs, Marlon Costa ("Mr. Costa"), Mariia Mytrofanova ("Ms. Mytrofanova"), and Anastasiia Molotkova ("Ms. Molotkova") (collectively, the "Plaintiffs"), claims to recover unpaid overtime wages allegedly due to them under the Fair Labor Standards Act ("FLSA") during their alleged employment with Mr. Roberts, Grove Fine Art LLC d/b/a

Grove Fine Art ("Grove Fine Art"), Via Art Gallery Inc. ("Via Art"), Via World Art Gallery, LLC ("Via World Art"), and Silvia Castro ("Mrs. Castro") (collectively the "Defendants"). The Complaint consists of four counts[1] in which the Plaintiffs lump all the Defendants together and fail to assert individual and distinct claims against them. For this reason alone, the Complaint should be dismissed. Moreover, the allegations are so bare boned that dismissal is warranted under Rule 12(b)(6) and 8(a)(2).

Plaintiffs' Complaint is also deficient in that it fails to properly allege (i) facts to support their conclusory allegation that Mr. Roberts "willfully and intentionally refused to pay Plaintiffs overtime wages as required by the FLSA;"[2] (ii) any particular weeks in which they purportedly worked overtime; and (iii) facts to support their conclusory allegation that Mr. Roberts violated 26 U.S.C. § 7434. Any of these pleading deficiencies, standing alone, is enough to warrant dismissal. Accordingly, Plaintiffs' Complaint should be dismissed for failure to state a cause of action under the FLSA and 26 U.S.C. § 7434.

## II. <u>FACTS ALLEGED IN THE COMPLAINT</u>

Plaintiffs contend that Mr. Roberts is an employer at Grove Fine Art; an owner and employer at Via World Art; and an employer at Via Art. Compl. ¶ 11. They allege that Mr. Roberts was an employer as defined by 29 U.S.C. § 203(d) because she (allegedly) acted directly and indirectly in the interest of Defendants and had the power to direct employees' actions. *Id*. at ¶ 23. Plaintiffs also contend Mr. Roberts had management responsibilities, degree of control over the corporation's financial affairs and compensation practices and was in a position to exert substantial

[1] Count I – Unpaid Overtime Wages – Mr. Costa; Count II – Unpaid Overtime Wages – Ms. Mytrofanova; Count III – Unpaid Overtime Wages – Ms. Molotkova; and Count IV – Violation of 26 U.S.C. § 7434.
[2] Compl. ¶ 29.


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees, including the Plaintiffs, at Grove Fine Art in accordance with the FLSA, making Mr. Roberts an employer pursuant to 29 U.S.C. § 203(d). *Id.*

In their Complaint, Plaintiffs allege they were non-exempt employees while working for Mr. Roberts during their individual employment periods. *Id.* at ¶ 25. They claim Mr. Roberts did not comply with the FLSA because they failed to properly compensate them for all of their work hours at the proper rate of pay. *Id.* at ¶ 26. Further, Plaintiffs contend Mr. Roberts willfully and intentionally refused to pay Plaintiffs overtime wages as required by the FLSA as Mr. Roberts knew of the overtime requirements of the FLSA and recklessly failed to investigate whether its payroll practices were in accordance with the FLSA. *Id.* at ¶ 29. Despite knowing that Plaintiffs were not being compensated overtime hours at a rate of time-and-one-half of their regular rate, Plaintiffs contend Mr. Roberts fraudulently told Plaintiffs they were "1099 Independent Contractors" in violation of 26 U.S.C. § 7434. *Id.* at ¶ 30.

Mr. Costa alleges he worked for Mr. Roberts from approximately November of 2017 to July 22, 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 32. He alleges that he worked 125.5 overtime hours for which he was paid the straight time wage of $12 per hour and that he is owed $753.00 in unpaid overtime wages. *Id.* at ¶ 39.

Ms. Mytrofanova claims she worked for Mr. Roberts as an art gallery assistant from approximately June of 2017 to July of 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 42. Ms. Mytrofanova estimates that she worked 104 overtime hours for which she was paid the straight time wage of $12 per hour and that she is owed $624.00 in unpaid overtime wages. *Id.* at ¶ 49.

Ms. Molotkova alleges she worked for Mr. Roberts as an art gallery assistant from approximately October of 2017 to May of 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 52. She claims she worked 14.5 over time hours for which she was paid the straight time wage of $12 per hour and that she is owed $87.00 in unpaid overtime wages. *Id.* at ¶ 59.

## III. MEMORANDUM OF LAW

### A. Legal Standard for Motion to Dismiss.

Plaintiffs Complaint is devoid of virtually any facts, but instead contains only the most cursory and conclusory of allegations and legal conclusions so to mimic the statutory elements of a claim for under the FLSA and 26 U.S.C. § 7434. As the Supreme Court explained in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), while a complaint "does not need detailed factual allegations," it demands more than "an unadorned, the defendant-unlawfully-harmed-me accusations" to survive a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2). *Id.* at 555. As a result, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a Complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Instead, a complaint must contain sufficient factual matter to "state a claim that relief is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here a complaint pleads facts that are 'merely consistent with a defendant's liability it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. The Supreme Court has since further clarified its decision in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court explained that:

> Two working principles underlie the decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint *is inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by *mere conclusory statements do not suffice*.... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit that court to infer more than the mere possibility of misconduct the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (emphasis added) (citations omitted).

As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* While legal conclusions can provide the framework of a complaint they must be supported by factual allegations." *Id.* Thus, based on *Twombly* and its recent decision in *Iqbal* reaffirming *Twombly*, the Supreme Court has held that:

> • Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.
>
> • "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*
>
> • A plaintiff must plead a claim for relief that is "plausible on its face," which means that it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.
>
> • "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.
>
> • Legal conclusions couched as factual allegations are not required to be treated as true. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

Similarly, to survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id*. (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). It is within this context that this Court must examine Plaintiffs' Complaint.

**B. Plaintiffs' Complaint Should Be Dismissed for Improperly Lumping All Defendants Together.**

Plaintiffs' improper group pleading fails to give the Defendants fair notice of the claims against them. *See In re Auto Body Shop Antitrust Litigation,* 2015 WL 4887882 at * 5 (M.D. Fla. 2015) (citation omitted); *see also* Fed. R. Civ. P. 8. The Complaint makes no attempt to distinguish between conduct attributable to Mr. Roberts versus Grove Fine Art, Via Art, Via World Art, and Mrs. Castro. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint is adequate if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (citing *Lane v. Capital Acquisitions & Mgmt., Co.*, 2006 WL 4590705 at * 5 (S.D. Fla. 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8."). While a complaint against multiple defendants may be "read as making the same allegation against each defendant individually, "the factual allegations must give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *Fox,* 309 F. Supp. at 1249 (citation omitted).

The Complaint confusingly lumps all five Defendants together in all four causes of action: Count I – Unpaid Overtime Wages – Mr. Costa; Count II – Unpaid Overtime Wages – Ms. Mytrofanova; Count III – Unpaid Overtime Wages – Ms. Molotkova; and Count IV – Violation of 26 U.S.C. § 7434. Compl. ¶¶ 31-68. Plaintiffs also allege that the Defendants fraudulently told them that they were "1099 Independent Contractors," but they fail to allege which statements are attributable to which defendant. *Id.* at ¶ 30. It necessarily follows that Mr. Roberts would be required to guess as to the facts which apply to him versus Grove Fine Art, Via Art, Via World Art, and Mr. Roberts. Because the Complaint fails to satisfy Rule 8, dismissal is warranted.

**C. Plaintiffs Fail to Adequately Plead that Mr. Roberts' Alleged Failure to Pay Overtime Wages Was Willful.**

Plaintiffs seek liquidated damages against Mr. Roberts in Counts I through III of their Complaint. In order to recover liquidated damages under the FLSA, "a plaintiff must show that a defendant knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Gurgel v. Boss Rain Forest Pet Resort, Inc.*, 2017 WL 7796318 at * 3 (S.D. Fla. 2017). At the pleading stage, "Courts in the Eleventh Circuit require some factual allegation from which they could infer that a defendant's alleged failure to pay was willful." *Id.* (citations omitted); *See Alonso v. Ocean CC, LLC*, 2015 WL 1549009 at * 2 (S.D. Fla. 2015). Thus, Plaintiffs' allegation that Mr. Roberts "willfully and intentionally refused to pay Plaintiffs overtime wages as required by the FLSA" is legally insufficient. Compl. ¶ 29.

**D. Plaintiffs FLSA Claims Must Fail Because They Fail to Identify Any Particular Weeks in Which They Worked Overtime.**

As in *Alfonso*, Plaintiffs allege that they worked in excess of 40 hours per week for Mr. Roberts, but the Plaintiffs have not identified any particular weeks in which they worked overtime. *See* Compl. at ¶¶ 33, 43, and 53. Plaintiffs present nothing more than a "formulaic recitation of the

elements" of an FLSA overtime claim, which does not plausibly entitle them to relief. *See Alonso,* 2015 WL 1549009 at * 2. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety.

**E. Plaintiffs Fraudulent Filing of Information Claim (Count IV) Should be Dismissed.**

In Count IV of their Complaint, Plaintiffs attempt (but fail) to assert a claim of fraudulent filing of information returns under 26 U.S.C. § 7434. 26 U.S.C. § 7434 provides that if a person "willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim under this statute, a plaintiff must establish that (i) the defendant issued an information return; (ii) the information return was fraudulent; and (iii) the defendant willfully issued the fraudulent return. *Switala v. Rosenstiel*, 2017 WL 7792712 at * 6 (S.D. Fla. 2017). Courts have found that willfulness in the context of 26 U.S.C. § 7434 "connotes a voluntary, intentional violation of a legal duty," and that tax fraud typically requires intentional wrongdoing. *Id.* at * 7 (citing *Leon v. Tapas & Tintos, Inc.,* 51 F.Supp. 3d 1290, 1298 (S.D. Fla. 2014) (citation omitted). At the Motion to Dismiss stage, "[b]are assertions that Defendants 'knew' the returns to be false or that Plaintiff requested that Defendants pay him as an employee – without specific facts as to who, what, when, why or how surrounding the actual filing of returns – does not meet the standard for pleading tax fraud." *Id.*

Here, Plaintiffs have not included sufficient factual allegations in the Complaint to state a cause of action of fraudulent filing of information returns under 26 U.S.C. § 7434. They do not allege which of the Defendants issued the false information and what was said. *See* Compl. ¶¶ 61-68. Nor do they allege on which date(s) Defendants served/filed and/or caused to be served/filed (allegedly) false tax returns. *See* Compl. ¶¶ 61-68. Dismissal of Count IV is therefore warranted, or at a minimum, Plaintiffs should be forced to file a more definite statement.


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

## IV. CONCLUSION

Based on the foregoing reasons, this Court should dismiss this action against Defendant, Leslie Roberts a/k/a Howard Roberts. In the alternative, this Court should order the Plaintiffs to file an Amended Complaint with a more definite statement.

Respectfully submitted,

By: ___/s/*Aaron Resnick*___

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**
**THE LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607
Miami, Fl 33132
Tel: 305-672-7495
Fax: 305-672-7496
Email: aresnick@thefirmmiami.com
Secondary Email: efile@thefirmmiami.com
*Attorney for Mr. Roberts*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2019, I caused a true and correct copy of the foregoing to be served via CM/ECF on all counsel of record listed below:

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin, LLC
lowell@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tel: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

By: ___/s/*Aaron Resnick*___

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**