UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:18-cv-24031-KMW

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation,
VIA ART GALLERY INC., a Florida
corporation, VIA WORLD ART GALLERY,
LLC a Florida corporation, SILVIA CASTRO
and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

Defendants.
_______________________________________/

**DEFENDANT, VIA ART GALLERY INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [ECF NO. 21], OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Defendant, Via Art Gallery Inc. ("Via Art"), through undersigned counsel, hereby moves this Court for an Order dismissing Plaintiffs' Amended Complaint (the "Amended Complaint") [ECF No. 21], or in the alternative, for a more definite statement. In support thereof, Via Art states as follows:

## I. INTRODUCTION

This case involves Plaintiffs, Marlon Costa ("Mr. Costa"), Mariia Mytrofanova ("Ms. Mytrofanova"), and Anastasiia Molotkova ("Ms. Molotkova") (collectively, the "Plaintiffs"), claims to recover unpaid overtime wages allegedly due to them under the Fair Labor Standards Act ("FLSA") during their alleged employment with Via Art, Grove Fine Art LLC d/b/a Grove


LAW OFFICES OF AARON RESNICK, PA
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

Fine Art ("Grove Fine Art"), and Via World Art Gallery, LLC ("Via World Art"), and against their principals, Silvia Castro ("Mrs. Castro"), and Leslie Roberts a/k/a Howard Roberts ("Mr. Roberts") (collectively the "Defendants"). The Amended Complaint consists of four counts[1] in which the Plaintiffs still lump all the Defendants together and fail to assert individual and distinct claims against them. For this reason alone, the Amended Complaint should be dismissed.

Plaintiffs' Amended Complaint is also deficient in that it fails to properly allege a joint enterprise coverage under the FLSA and any particular weeks in which they purportedly worked overtime. Any of these pleading deficiencies, standing alone, is enough to warrant dismissal. Accordingly, this Court should dismiss Plaintiffs' Amended Complaint *in toto*.

## II. FACTS ALLEGED IN THE AMENDED COMPLAINT

Plaintiffs contend that Via Art owns and operates a business at which Plaintiffs were employed. Am. Compl. ¶ 8. They allege that Via Art was an enterprise covered by the FLSA as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA, in that Via Art has/had more than two (2) employees regularly engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. *Id*. at ¶ 15. Plaintiffs also contend that, together, Via Art, Grove Fine Art, and Via World Art were a joint enterprise doing business as Grove Fine Art with two locations: 3444 Main Street, Coconut Grove, Florida and 900 S. Miami Ave. Suite 182, Miami, Florida 33130. *Id*. at ¶ 24. They allege that the activities by Via Art, Grove

---

[1] Count I – Unpaid Overtime Wages – Mr. Costa; Count II – Unpaid Overtime Wages – Ms. Mytrofanova; Count III – Unpaid Overtime Wages – Ms. Molotkova; and Count IV – Violation of 26 U.S.C. § 7434.

Fine Art, and Via World at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose. *Id.* Additionally, Plaintiffs allege that "the power to direct, restrict, regulate, govern, or administer the performance of the unified corporations resided in the individual defendants acting in their corporate capacities as owners." *Id.*

In their Amended Complaint, Plaintiffs allege they were non-exempt employees while working for Defendants during their individual employment periods at Grove Fine Art. *Id.* at ¶ 25. They claim Defendants did not comply with the FLSA because they failed to properly compensate them for all of their work hours at the proper rate of pay. *Id.* at ¶ 27. Further, Plaintiffs contend Defendants willfully and intentionally refused to pay Plaintiffs overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether its payroll practices were in accordance with the FLSA. *Id.* at ¶ 30. Despite knowing that Plaintiffs were not being compensated overtime hours at a rate of time-and-one-half of their regular rate, Plaintiffs contend Defendants fraudulently told Plaintiffs they were "1099 Independent Contractors" in violation of 26 U.S.C. § 7434. *Id.* at ¶ 31.

Mr. Costa alleges he worked for Defendants from approximately November of 2017 to July 22, 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 33. He alleges that he worked 125.5 overtime hours for which he was paid the straight time wage of $12 per hour and that he is owed $753.00 in unpaid overtime wages. *Id.* at ¶ 40.

Ms. Mytrofanova claims she worked for Defendants as an art gallery assistant from approximately June of 2017 to July of 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 45. Ms. Mytrofanova estimates that she worked 104 overtime hours for which she was paid the

straight time wage of $12 per hour and that she is owed $624.00 in unpaid overtime wages. *Id.* at ¶ 52.

Ms. Molotkova alleges she worked for Defendants as an art gallery assistant from approximately October of 2017 to May of 2018 and was paid an hourly rate of $12 per hour. *Id.* at ¶ 57. She claims she worked 14.5 over time hours for which she was paid the straight time wage of $12 per hour and that she is owed $87.00 in unpaid overtime wages. *Id.* at ¶ 64.

## III. <u>MEMORANDUM OF LAW</u>

### A. Legal Standard for Motion to Dismiss.

Plaintiffs' Amended Complaint is devoid of virtually any facts, but instead contains only the most cursory and conclusory of allegations and legal conclusions so to mimic the statutory elements of a claim for under the FLSA and 26 U.S.C. § 7434. As the Supreme Court explained in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), while a complaint "does not need detailed factual allegations," it demands more than "an unadorned, the defendant-unlawfully-harmed-me accusations" to survive a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2). *Id.* at 555. As a result, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Instead, a complaint must contain sufficient factual matter to "state a claim that relief is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here a complaint pleads facts that are 'merely consistent with a defendant's liability it stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.* at 557. The Supreme Court has since further clarified its decision in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court explained that:

> Two working principles underlie the decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint *is inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by *mere conclusory statements do not suffice....* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit that court to infer more than the mere possibility of misconduct the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679 (emphasis added) (citations omitted).

As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* While legal conclusions can provide the framework of a complaint they must be supported by factual allegations." *Id.* Thus, based on *Twombly* and its recent decision in *Iqbal* reaffirming *Twombly*, the Supreme Court has held that:

> • Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.
>
> • "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*
>
> • A plaintiff must plead a claim for relief that is "plausible on its face," which means that it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.
>
> • "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

> • Legal conclusions couched as factual allegations are not required to be treated as true. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.

Similarly, to survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id*. (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). The Court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). It is within this context that this Court must examine Plaintiffs' Amended Complaint.

**B. Plaintiffs' Amended Complaint Should Be Dismissed for Improperly Lumping All Defendants Together.**

Plaintiffs' improper group pleading fails to give Via Art fair notice of the claims against it. *See In re Auto Body Shop Antitrust Litigation*, 2015 WL 4887882 at * 5 (M.D. Fla. 2015) (citation omitted); *see also* Fed. R. Civ. P. 8. The Amended Complaint makes no attempt to distinguish between conduct attributable to Via Art versus Grove Fine Art, Via World Art, Mrs. Castro, and Mr. Roberts. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint is adequate if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (citing *Lane v. Capital Acquisitions & Mgmt., Co.*, 2006 WL 4590705 at * 5 (S.D. Fla. 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the complaint fails to satisfy the minimum standard of Rule 8."). While a complaint against multiple defendants may be "read as making the same allegation against each defendant individually, the

factual allegations must give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *Fox*, 309 F. Supp. at 1249 (citation omitted).

The Amended Complaint confusingly lumps all five Defendants together in all four causes of action: Count I – Unpaid Overtime Wages – Mr. Costa; Count II – Unpaid Overtime Wages – Ms. Mytrofanova; Count III – Unpaid Overtime Wages – Ms. Molotkova; and Count [IV] – Violation of 26 U.S.C. § 7434. Am. Compl. ¶¶ 32-86. Plaintiffs also allege that the Defendants fraudulently told them that they were "1099 Independent Contractors," but they fail to allege which statements are attributable to which defendant. *Id.* at ¶ 31. It necessarily follows that Via Art would be required to guess as to the facts which apply to it versus Grove Fine Art, Via World Art, Mrs. Castro, and Mr. Roberts. Because the Amended Complaint fails to satisfy Rule 8, dismissal is warranted.

**C. Plaintiffs Fail to State a Claim Under the Joint Enterprise Theory.**

Plaintiffs' Amended Complaint must be dismissed for failure to sufficiently plead that Via Art, Grove Fine Art, and Via World Art are joint enterprises as defined by 29 U.S.C. 203(r). Under enterprise coverage, two businesses may be considered a joint enterprise if they are sufficiently related. *Gonzalez v. Old Lisbon Rest. & Bar, LLC*, 820 F.Supp. 2d 1365, 1368 (S.D. Fla. 2011). To properly allege a joint enterprise, Plaintiffs were required (but failed) to allege facts that Via Art, Grove Fine Art, and Via World Art "(1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Gonzalez,* 820 F.Supp.2d at 1368 (citing 29 C.F.R. § 779.202; *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir.1984)).

In *Gonzalez,* 820 F. Supp. 2d at 1369 (dismissing amended complaint for failing to state a claim under a joint enterprise theory), the plaintiff's amended complaint provided that:


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

> Defendants Old Lisbon Restaurant & Bar LLC and Old Lisbon Sunset LLC are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between these two limited liability companies, performed through unified operation and common control, are being done for a common business purpose.

The court in *Gonzalez* carefully reviewed the allegation above but was unable to find any well-pleaded allegations that defendants performed related activities. *See Perez v. Muab, Inc.*, 2011 WL 845818 at *1-2 (S.D. Fla. 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff alleged only that defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) (and (s)(1), which has employees subject to the provisions of the FLSA . . . in the store where Perez was employed")); *Kendrick v. Eagle Int'l Grp., LLC*, 2009 WL 3855227, at *3 (S.D. Fla. 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that [defendant] . . . is an employer under the FLSA").

Similarly, this Court should find the allegations in Plaintiffs' Amended Complaint equally as bare and conclusory as the allegations in *Gonzalez.* In their Amended Complaint, Plaintiffs' allege:

> Together, Grove Art, Via Art, and Via World were a joint enterprise doing business as Grove Fine Art with two locations; 3444 Main Street, Coconut Grove, Florida and 900 S. Miami Ave. Suite 182, Miami, Florida 33130. The activities by the corporate Defendants at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose. The power to direct, restrict, regulate, govern, or administer the performance of the unified corporations resided in the individual defendants acting in their corporate capacities as owners.

Am. Compl. at ¶ 24. These allegations do not specifically allege any facts describing Via Art, Grove Fine Art, or Via World Art, its business, or their activities. *See Vignoli v. Clifton Apartments, Inc.*, 930 F.Supp. 2d 1342, 1347 (S.D. Fla. 2013)(ruling that the Complaint did not

contain factual allegations describing the type of business activities in which Defendants jointly engage, beyond stating Defendants are owners of several rental apartment buildings); *see also Attai v. Delivery Dudes, LLC,* 2016 WL 828816 at *3 (S.D. Fla. 2016)(granting the Motions to Dismiss as Plaintiff failed to present allegations of a joint enterprise).

Plaintiffs' allegation that "the power to direct, restrict, regulate, govern, or administer the performance of the unified corporations resided in the individual defendants acting in their corporate capacities as owners" is also insufficient to satisfy the second prong of the joint enterprise theory (i.e., unified operation or common control). *See Gonzalez,* 820 F. Supp. 2d at 1369. The fact that three companies are being run by the same managing members does not mean that the three companies comprise a joint enterprise. *See id.* Instead, it only means that the individual defendant could be considered a joint employer with, and equally as liable as, either corporate defendant. *Id.; see Perez,* 515 F.3d at 1160.

Additionally, Plaintiffs' allegation that the activities of Via Art, Grove Fine Art, and Via World Art were for a "common business purpose" is devoid of facts. 29 C.F.R. 779.213 states that a "common business purpose" encompasses activities "directed to the same business objective or similar objectives in which the group has an interest." *Gonzalez,* 820 F. Supp. 2d at 1370. Plaintiffs do not describe the type of business activities in which Grove Fine Art, Via Art, and Via World Art were engaged and for what purpose. Dismissal is proper.

**D. Plaintiffs FLSA Claims Must Fail Because They Fail to Identify Any Particular Weeks in Which They Worked Overtime.**

Plaintiffs' FLSA claims must be dismissed because they do not identify any particular weeks in which they allegedly worked overtime. *See* Am. Compl. at ¶¶ 34, 46, and 58. In *Alonso v. Ocean CC, LLC,* 2015 WL 1549009 at * 2 (S.D. Fla. 2015), the court dismissed the FLSA


**LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

overtime claim because the plaintiff did not identify any particular weeks in which he worked overtime. The Plaintiffs here have similarly failed to identify any particular weeks in which they allegedly worked overtime. Accordingly, Plaintiffs' Amended Complaint should be dismissed in its entirety.

## IV. CONCLUSION

Based on the foregoing reasons, this Court should dismiss this action against Defendant, Via Art Gallery Inc. In the alternative, this Court should order the Plaintiffs to file an Amended Complaint with a more definite statement.

Respectfully submitted,

By: /s/*Aaron Resnick*

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**
**THE LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607
Miami, Fl 33132
Tel: 305-672-7495
Fax: 305-672-7496
Email: aresnick@thefirmmiami.com
Secondary Email: efile@thefirmmiami.com
*Attorney for Via Art*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of March 2019, I caused a true and correct copy of the foregoing to be served via CM/ECF on all counsel of record listed below:

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin, LLC
lowell@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tel: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

By: /s/*Aaron Resnick*
**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**