UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No: 1:18-cv-24031-KMW

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation
VIA ART GALLERY INC., a Florida
corporation, VIA WORLD ART GALLERY,
LLC a Florida corporation, SILVIA CASTRO
and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

Defendants.
_______________________________________/

**PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Plaintiffs, MARLON COSTA and MARIIA MYTROFANOVA and ANASTASIIA MOLOTKOVA (herein "Plaintiffs"), by and through undersigned counsel, file their Omnibus Response to Defendants' Motions to Dismiss Plaintiffs' Amended Complaint, Or In the Alternative, For A More Definite Statement [D.E. ##25-29], and state the following:

## PROCEDURAL HISTORY OF MOTIONS TO DISMISS

Plaintiffs' filed their initial Complaint on October 1, 2018. Defendants' filed five (5) separate motions to dismiss (one for each Defendant) the initial Complaint on February 13, 2019. [D.E. ##15–19]. In response to Defendants' motions, Plaintiffs' chose to amend their Complaint and filed their Amended Complaint on February 21, 2019. [D.E. #21].


LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Individual Defendants**

In their first set of motions to dismiss the initial Complaint, Defendants argued for the individual Defendants that: (1) Plaintiffs' Complaint should be dismissed for improperly lumping all Defendants together; (2) Plaintiffs failed to adequately plead that [the individuals] alleged failure to pay overtime wages was willful; (3) Plaintiffs' FLSA claims must fail because they fail to identify any particular weeks in which they worked overtime; and (4) Plaintiffs' fraudulent filing of information claim should be dismissed.

In their Motion to Dismiss the Amended Complaint, the individual Defendants argue that: (1) Plaintiffs' Amended Complaint should be dismissed for improperly lumping all defendants together; and (2) Plaintiffs' FLSA claims must fail because they fail to identify any particular weeks in which they worked overtime.

**Corporate Defendants**

In seeking to dismiss the initial Complaint, the corporate Defendants argued: (1) Plaintiffs' Complaint should be dismissed for improperly lumping all defendants together; (2) Plaintiffs failed to establish coverage under the FLSA; (3) Plaintiffs failed to adequately plead that [the corporations'] alleged failure to pay overtime wages was willful; (4) Plaintiffs' FLSA claims must fail because they fail to identify any particular weeks in which they worked overtime; and (5) Plaintiffs' fraudulent filing of information claim should be dismissed.

In their Motions to Dismiss the Amended Complaint, the corporate Defendants argue that: (1) Plaintiffs' Amended Complaint should be dismissed for improperly lumping all defendants together; (2) Plaintiffs' FLSA claims must fail because they fail to identify any particular weeks in which they worked overtime; and (3) Plaintiffs failed to state a claim under the joint enterprise theory.

## ARGUMENT AND MEMORANDUM OF LAW

### A. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). It is well-settled that a complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand "detailed factual allegations." *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward."); *see also McDonald v. Kellogg Co.*, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim").

**INDIVIDUAL & CORPORATE**

### B. Plaintiffs Did Not Improperly Lump All Defendants Together

The FLSA allows plaintiffs to recover from defendants, who were their employer(s), damages for unpaid wages. Central to an FLSA claim, is, "Who was plaintiff's employer?" Any unpaid wages that are recovered in a single judgment is done so joint and severally and is enforceable against the individuals or entities that plaintiffs have proven were their employer(s).


LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

In fact, the FLSA allows a group of employees (collective action under § 216(b)) to sue a group of defendants.

The FLSA has a broad definition of employer. By way of background, the FLSA provides that all employees must be paid a proper hourly wage unless one of the Act's exceptions applies. 29 U.S.C. § 206(a). Employees who work more than forty hours per week must be compensated for the extra hours "at a rate not less than one and one-half times" the employee's regular rate. *Id*. at § 207(a)(1). "Thus, to recover overtime compensation under the FLSA, 'an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). A plaintiff who brings a successful FLSA claim may "recover the corpus of the unpaid compensation along with equivalent liquidated damages, costs, and attorney's fees." *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147–48 (3d Cir. 2014) (citing 29 U.S.C. § 216(b)).

Group pleading is permitted in alleging a cause of action under the FLSA seeking to hold multiple defendants liable as employers. *See Hyskaj v. New York New York Pizza, LLC*, 8:18-cv-00397-MSS-TGW, 2018 WL 7458261 (M.D.Fla. November 14, 2018). As the *Hyskaj* court held:

> **Plaintiff's Complaint lists three defendants, asserts that all three were his employer for purposes of the FLSA and the state law counts, and seeks "to hold the Corporate and Individual Defendants jointly and severally liable for unpaid overtime wages, unpaid minimum wages, liquidated damages, and attorneys' fees and costs ...."** (Dkt. 1 at ¶¶ 2–3) **Thus, as each Defendant is alleged to be jointly and severally liable, the Court finds that Plaintiff need not specify which particular Defendant was responsible for the specific acts alleged.**



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

> Furthermore, although each count incorporates paragraphs 1–54 of the Complaint, each count also provides additional facts specific to the given claim. **The counts were all pleaded well enough to permit Defendants to address each count individually in their Motions to Dismiss, as well as to allow the Court to determine that each count adequately stated a claim for relief.** See Weiland, 792 F.3d at 1326 (finding that dismissal of several counts based on improper form was an abuse of discretion when the counts were nevertheless informative enough for the district court to determine that they stated a claim upon which relief could be granted). Therefore, Mr. Novaku's Motion to Dismiss Plaintiff's Complaint as an impermissible shotgun pleading is DENIED.

*Id*. at *6 (emphasis added).

*Lane v. Capital Acquisitions & Mgmt., Co.,* 2006 WL 4590705 at * 5 (S.D. Fla. 2006), was a case where the plaintiff sued two individuals and corporate defendants for violations of their civil rights as well as a single count under the FLSA for unpaid overtime. *Lane* is the only case cited by Defendants that has an element of unpaid wages. In *Lane*, the court ordered that, "Plaintiffs shall file a Second Amended Complaint within ten days of the date of this Order which complies with Fed.R.Civ.P. 8." *Id*. at *5. Interestingly, a review of the subsequent complaints in *Lane* show that the court's order was directed at the fact specific allegation dealing with the civil rights violations and not the FLSA claims. *See* attached **Exhibit "1"** (Third Amended Complaint in *Lane*).

Accordingly, Defendants' instant Motion should be denied.

## C. Plaintiffs Have Adequately Pled The Number of Hours They Worked And The Amount They Are Owed

The case cited by Defendants actually states, "He does not articulate the amount and extent of his unpaid overtime work and does not identify any particular weeks in which he worked overtime." *Alonso v. Ocean CC, LLC*, 14-23869-CIV, 2015 WL 1549009, at *2 (S.D. Fla. Apr. 7, 2015)(quotations omitted). In the instant case, Plaintiffs have identified the number


LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

of overtime hours each claims they worked and were not paid an overtime premium and the amount they are owed. [D.E. #21, ¶¶40, 52 & 64]. Moreover, the information Defendants seek is already in their possession in the form of paychecks paid to the Plaintiffs – albeit, without the overtime premium. Therefore, *Alonso* is inapposite.

Accordingly, Defendants' instant Motion should be denied.

**D. Plaintiffs Have Adequately Pled Their Claims Under A Joint Enterprise Theory**

As an initial matter, as Plaintiffs failed to raise this ground in their initial motions to dismiss [D.E. ##15-19], as a matter of law, Plaintiffs have waived their right to assert it now.

Plaintiffs' initial Complaint alleged joint enterprise [D.E. #1, ¶24] verbatim as it is alleged in Plaintiffs' Amended Complaint [D.E. #21, ¶ 24]. Because Defendants failed to raise the issue of joint enterprise coverage in their first Motions to Dismiss [D.E. ##15-19] Plaintiffs' initial Complaint [D.E. #1], the Court should disregard the issue raised for the first time here. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In other words, unless one of the specified exceptions applies, a party cannot raise a defense in a second Rule 12 motion that it failed to raise in its first Rule 12 motion. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). *See also Brooks v. Warden*, 706 Fed. Appx. 965, 968–69, 2017 WL 3669417 (11th Cir. 2017).



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Enterprise Coverage**

Moreover, since Plaintiffs have properly alleged "enterprise coverage" against Via World Art Gallery, LLC, Grove Fine Art, and Via Art, the issue of whether the corporate defendants were a "joint enterprise" is unnecessary to consider at this stage of the pleadings. *See Wilkinson v. Moose Int'l, Inc.*, 170322, 2016 WL 3064098, at *3 (M.D. Fla. 2016)("Having determined that the [Complaint] sufficiently pleads enterprise coverage as to both Defendants, it is unnecessary to consider whether [defendants] are a `joint enterprise' at this stage of the pleadings.") Simply put, at this stage in the case, Plaintiffs are required to sufficiently plead "enterprise coverage" - which they have adequately done. Proving the liability of Defendants under a joint employer theory is a matter for another day.

*Gavilan v. Balans, L.C.*, 2014 WL 6979625, at *2 (S.D. Fla. Dec. 9, 2014), a case cited by Defendants, does not support Defendants' contention that "Plaintiffs have not properly plead joint employer." Instead, as the *Gavilan* court stated:

> **The Court first notes that Plaintiffs have misconstrued the "joint enterprise" requirement. That all of the named Defendants may be part of a "joint enterprise" is of no moment here, as pleading a "joint enterprise" is a basis for establishing *coverage* under the FLSA rather than *employer liability*.** *See Cornell v. CF Center, LLC*, 410 Fed. Appx. 265, 267 (11th Cir.2011) ("The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship.") (quoting *Patel v. Wargo,* 803 F.2d 632 (11th Cir.1986)).

*Id.* at *2 (footnote omitted).

Furthermore, Plaintiffs meet all three (3) of the criteria for alleging enterprise coverage of the three (3) corporate Defendants.


LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**(1) Performed Related Activities**

"**Plaintiff were employed by the Defendants as `art salespersons' and sold artwork.** A portion of, if not the majority of the artwork, was produced outside of Florida and sold to customers, some of whom transported the artwork outside of Florida." [D.E. #21, ¶ 26] (emphasis added).

COSTA worked for Defendants from approximately November, 2017 to July 22, 2018 and was paid an hourly rate of $12 per. [D.E. #21, ¶33]. Defendants told COSTA he was as an independent contractor and paid him only the regular hourly rate for the hours he worked, including overtime hours. *Id*. at ¶36. MYTROFANOVA worked for Defendants as an art gallery assistant from approximately June 2017 to July 2018 and was paid an hourly rate of $12 per. *Id*. at ¶45. Defendants told MYTROFANOVA she was as an independent contractor and paid her only the regular hourly rate for the hours she worked, including overtime hours. *Id*. at ¶48. MOLOTKOVA worked for Defendants as an art gallery assistant from approximately October 2017 to May 2018 and was paid an hourly rate of $12 per. *Id*. at ¶57. Defendants told MOLOTKOVA she was as an independent contractor and paid her only the regular hourly rate for the hours she worked, including overtime hours. *Id*. at ¶60.

Paragraphs 72 through 82 of the Amended Complaint further outline in detail that the corporate Defendants (including Via World Art Gallery, LLC, Grove Fine Art, and Via Art) used their corporate checking accounts with checks signed by the individual Defendants (as individuals or acting as corporate representatives) to pay Plaintiffs their wages. *Id*. at ¶¶72-82.


LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**(2) Through A Unified Operation Or Common Control**

"The activities by the corporate Defendants at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose." *Id*. at ¶24. In addition, as set forth above, paragraphs 72 through 82 of the Amended Complaint outline in detail that the corporate Defendants (including Via World Art Gallery, LLC, Grove Fine Art, and Via Art) used their corporate checking accounts with checks signed by the individual Defendants (as individuals or acting as corporate representatives) to pay Plaintiffs their wages. *Id*. at ¶¶72-82.

**(3) For A Common Business Purpose.**

"The activities by the corporate Defendants at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose." *Id*. at ¶24. In addition, as set forth above, paragraphs 72 through 82 of the Amended Complaint outline in detail that the corporate Defendants (including Via World Art Gallery, LLC, Grove Fine Art, and Via Art) used their corporate checking accounts with checks signed by the individual Defendants (as individuals or acting as corporate representatives) to pay Plaintiffs their wages. *Id*. at ¶¶72-82.

**E. Motions For A More Definite Statement**

As set forth herein, Plaintiffs' Amended Complaint adequately pleads each of the causes of action and provides sufficient facts to put Defendants on notice of the claims being brought against them. Accordingly, the Motions for a More Definite Statement should be denied.

**F. Future Award of Attorneys' Fees**

Plaintiffs are concerned that given the amount of their claims and Defendants' protracted litigation tactics, Defendants will not be able to settle Plaintiffs' claims due to the amount of

attorneys' fees that Plaintiffs' counsel will have to incur. Defendants are of course allowed to employ any legal strategy that they wish. However, this issue may reappear later should Plaintiffs prevail and then seek a reasonable fee for their attorneys.

The issue of plaintiff's attorney's fees in FLSA cases has been the subject of many Southern District Court decisions, especially in cases where the plaintiff is seeking to recover a small amount of unpaid wages. In the instant case, Plaintiffs' estimated combined unpaid overtime wages are $1,551, unliquidated. It seems that if Defendants wanted to limit the amount of attorney's fees, they could have easily paid the liquidated amount of $3,102 and negotiated a reasonable amount of attorney's fees and costs with Plaintiffs' counsel, or allowed the Court to decide the appropriate amount.

Instead, Defense counsel filed five (5) motions to dismiss Plaintiffs' Complaint and five (5) motions to dismiss Plaintiffs' Amended Complaint. The current five motions, one for each Defendant, all contain the same Rule 8, *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) arguments.

For the reasons set forth above, Defendants' instant Motions should be denied in their entirety.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' instant Motions in their entirety, and grant such other and further relief as is just and proper.

DATED: April 2, 2019

/s/ Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131

Tel: 305.358.6800
Fax: 305.358.6808
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2019, I caused a copy of the foregoing to be filed with the Court via the CM/ECF system which will automatically send a copy to all registered counsel of record in this case.

/s/ Lowell J. Kuvin
Lowell J. Kuvin