UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:18-cv-24031-KMW

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation,
VIA ART GALLERY INC., a Florida
corporation, VIA WORLD ART GALLERY,
LLC a Florida corporation, SILVIA CASTRO
and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

Defendants.
_______________________________________/

**DEFENDANTS, GROVE FINE ART LLC D/B/A GROVE FINE ART, VIA ART GALLERY, INC., VIA WORLD ART GALLERY, LLC, SILVIA CASTRO, AND LESLIE ROBERTS A/K/A HOWARD ROBERTS' OMNIBUS REPLY TO PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Defendants, Grove Fine Art LLC d/b/a Grove Fine Art ("Grove Fine Art"), Via Art Gallery, Inc. ("Via Art"), Via World Art Gallery, LLC ("Via World") (collectively, Grove Fine Art, Via Art, and Via World are referred to as the "Corporate Defendants"), Silvia Castro ("Mrs. Castro"), and Leslie Roberts a/k/a Howard Roberts ("Mr. Roberts") (collectively, Mrs. Castro and Mr. Roberts are referred to as the "Individual Defendants"), by and through their undersigned counsel, hereby file this Omnibus Reply to Plaintiffs, Marlon Costa ("Mr. Costa"), Mariia Mytrofanova ("Ms. Mytrofanova"), and Anastasiia Molotkova's ("Ms. Molotkova") (collectively, the Plaintiffs") Omnibus Response in Opposition to Defendants' Motions to Dismiss (the

"Response"). In reply thereto, the Corporate Defendants and Individual Defendants (collectively, the "Defendants") state as follows:

## I. SUMMARY OF REPLY

The Plaintiffs' Amended Complaint must be dismissed for failing to comply with Federal Rule of Civil Procedure 8. As Defendants' Motions to Dismiss discussed in great detail, the Plaintiffs lump all five (5) Defendants together as "Defendants" in their Amended Complaint and provide no facts to distinguish their conduct. They posit that "group pleading" is permitted in alleging a cause of action under the FLSA, yet they have not (and cannot) cite to a single case that supports their position.

Moreover, the Plaintiffs' FLSA claims are fatally deficient because they fail to identify any particular weeks in which they worked overtime. Instead, they assert a formulaic recitation of the elements to try to state a cause of action under the FLSA. Finally, the Plaintiffs allege new facts to support their Joint Enterprise Theory claim (*i.e.*, that Via Art's checks were used to pay the Plaintiffs), which is an improper way to amend their Amended Complaint. In doing so, the Plaintiffs are asking this Court to consider same, which this Court surely is aware is reversible error.

## II. LEGAL ARGUMENTS

**REPLY ARGUMENT 1 - Contrary to Their Response, The Plaintiffs' Amended Complaint Improperly Lumps the Defendants Together.**

The Plaintiffs' Amended Complaint should be dismissed because it fails to distinguish conduct attributable to each of the various Defendants to permit them to properly respond. The United States District Court for the Southern District of Florida has dealt with a similar issue in *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705 at * 5 (S.D. Fla. 2006) (dismissing the plaintiffs' complaint for lumping all the defendants together in each claim and failing to comply


LAW OFFICES OF AARON RESNICK, PA
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

with Rule 8 of the Federal Rules of Civil Procedure). Yet, the Plaintiffs contend the Defendants have misapplied the court's holding in *Lane* based on their "review of the subsequent complaints in *Lane*…" Response (D.E. 30) p. 5., 2006 WL 4590705 at * 5. The Plaintiffs miss the court's point in *Lane.*

The *Lane* court noted that a complaint must comply with Rule 8. *Lane*, 2006 WL 4590705 at * 5. The *Lane* court further explained that the plaintiffs' claims (which included a claim for violating the FLSA) were improper because "they failed to differentiate among the defendants, alleging instead violations by a collective "defendant," even though there are five defendants consisting of three individuals and two corporations…" *Id.* Notably, the *Lane* court held that the plaintiffs, "[b]y lumping all of the defendants together in **<u>each</u>** claim and providing no factual basis to distinguish their conduct, failed to satisfy the minimum standard of Rule 8. *Id.* (citations omitted) (emphasis added). Accordingly, Plaintiffs' lumping of the Corporate Defendants and Individual Defendants together is improper and warrants dismissal.

**REPLY ARGUMENT 2 – The Plaintiffs' Reliance on *Hyskaj v. New York New York Pizza, LLC*, 2018 WL 7458261 (M.D. Fla. 2018) is Misplaced.**

The Plaintiffs' contention that "group pleading" is permitted in alleging a cause of action under the FLSA is without merit. Response p. 4. No case law exists to support their position. The Plaintiffs rely upon the United States District Court for the Middle District of Florida case of *Hyskaj v. New York New York Pizza, LLC* 2018 WL 745261 (M.D. Fla. 2018), to suggest that they need not specify which particular Defendant was responsible for the specific acts alleged. The court in *Hyskaj*, however, conducted a fact-intensive review of the allegations in the complaint, including the facts pled in each count as to each of the defendants, before holding that the "counts were all pleaded well enough to permit "[d]efendants to address each count individually…" *See Hyskaj*, 2018 WL 7458261 at * 6.


**LAW OFFICES OF AARON RESNICK, PA**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

Here, it is unclear from the allegations in the Amended Complaint which of the Defendants (i) told the Plaintiffs they were independent contractors; (ii) purposely misinformed the Plaintiffs that they were independent contractors; (iii) showed willful disregard for the provisions of the FLSA; (iv) served/filed and/or caused to be served/filed knowingly false annual tax returns for the Plaintiffs; or (v) provided paychecks to Plaintiffs. Am. Compl. [D.E. 21] ¶¶ 36, 39, 42, 48, 51, 54, 60, 63, 66, 70 - 73. Without belaboring the point, Plaintiffs' Amended Complaint fails to satisfy Rule 8.

**REPLY ARGUMENT 3 - Contrary to Their Response, *Alonso v. Ocean CC, LLC,* 2015 WL 1549009 (S.D. Fla. 2015) is Directly on Point.**

The allegations in *Alonso v. Ocean CC, LLC,* 2015 WL 1549009 (S.D. Fla. 2015) are substantially similar to the allegations in Plaintiffs' Amended Complaint. In *Alonso,* the court noted the plaintiff alleged that (i) from December 2013 to April 2014, he was employed by defendants as a server; and (ii) he worked in excess of forty (40) hours per week and was not paid overtime. *Alonso,* 2015 WL 1549009 at * 2. The *Alonso* court further noted plaintiff did not articulate "the amount and extent" of his unpaid overtime work and did not identify any particular weeks in which he worked overtime. *Id.* In granting defendants' dismissal of the plaintiff's FLSA overtime claim, the *Alonso* court held that without more than a formulaic recitation of the elements of the cause of action, it could not allow the plaintiff's FLSA overtime claim to proceed. *Id.*

The Plaintiffs' Amended Complaint should suffer the same fate. In the Amended Complaint, Mr. Costa alleges he worked for Defendants from approximately November of 2017 to July 22, 2018 in excess of forty (40) hours in a work week. Am. Compl. ¶¶ 33-34. Ms. Mytrofanova claims she worked for Defendants as an art gallery assistant from approximately June of 2017 to July of 2018 in excess of forty (40) hours in a work week. *Id.* ¶¶ 45-46. Ms. Molotkova alleges she worked for Defendants as an art gallery assistant from approximately October of 2017


**LAW OFFICES OF AARON RESNICK, PA**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

to May of 2018 in excess of forty (40) hours in a work week. *Id.* ¶¶ 57-58. Yet, Plaintiffs fail to identify any particular weeks in which they worked overtime. *See* Am. Compl., *generally.* As the Supreme Court of the United States stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Because threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice, this Court should dismiss the Plaintiffs' Amended Complaint and require them to re-plead their allegations with more specificity. *Id.*

**REPLY ARGUMENT 4 - Contrary to Their Response, The Plaintiffs' Failed to Adequately Plead Their Claims Under a Joint Enterprise Theory.**

As an initial matter, the Corporate Defendants, did, in fact, assert in their Motions to Dismiss [D.E. 17, 18, 19] that the Plaintiffs failed to properly allege enterprise coverage under the FLSA. *See* Motions to Dismiss [D.E. 17, 18, 19] pp. 7-9. Moreover, the United States District Court case of *Gavilan v. Balans, L.C.,* 2014 WL 6979625 (S.D. Fla. 2014) does, in fact, support the Corporate Defendants' contention that the Plaintiffs fail to state a claim under the joint enterprise theory. Notably, the *Gavilan* court noted that to proceed under a joint enterprise theory, a plaintiff must allege **<u>facts</u>** demonstrating that subject defendants (1) engaged in related activities; (2) under unified operation or common control; and (3) have a common business purpose. *Gavilan,* 2014 WL 6979625 at *2 (emphasis added); (*citing e.g., Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1320–21 & n. 41 (11th Cir.2011)); *see Gonzalez v. Old Lisbon Restaurant & Bar. L.L.C.,* 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011) ("[T]o proceed under this joint enterprise theory, a plaintiff must at least allege facts which demonstrate" these three requirements). The *Gavilan* court further noted that merely reciting that "Balans is a restaurant ... with five locations in Miami–Dade County" and that it acted through Defendants Adams and Alderete, without **<u>any</u>** facts as to how Balans, L.C. or Balans Dadeland, LLC, specifically, played


**LAW OFFICES OF AARON RESNICK, PA**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

a role in that enterprise, is unlikely to meet these requirements. *Gavilan*, 2014 WL 6979625 at *2 (emphasis added).

Similarly, this Court should find the allegations in the Plaintiffs' Amended Complaint equally as bare and conclusory as the allegations in *Gonzalez.* In their Amended Complaint, the Plaintiffs' allege:

> Together, Grove Art, Via Art, and Via World were a joint enterprise doing business as Grove Fine Art with two locations; 3444 Main Street, Coconut Grove, Florida and 900 S. Miami Ave. Suite 182, Miami, Florida 33130. The activities by the corporate Defendants at Grove Fine Art were related to each other for the common purpose under the unified operation and control by the corporate Defendants for a common business purpose. The power to direct, restrict, regulate, govern, or administer the performance of the unified corporations resided in the individual defendants acting in their corporate capacities as owners.

Am. Compl. at ¶ 24. These allegations do not specifically allege any facts describing Grove Fine Art, Via Art, or Via World Art, its business, or their activities. *See Vignoli v. Clifton Apartments, Inc.*, 930 F.Supp. 2d 1342, 1347 (S.D. Fla. 2013)(ruling that the Complaint did not contain factual allegations describing the type of business activities in which Defendants jointly engage, beyond stating Defendants are owners of several rental apartment buildings); *see also Attai v. Delivery Dudes, LLC*, 2016 WL 828816 at *3 (S.D. Fla. 2016)(granting the Motions to Dismiss as Plaintiff failed to present allegations of a joint enterprise).

It should be noted that the Plaintiffs fail to allege in their Amended Complaint that the Defendants issued paychecks written on a **Via Art Gallery Inc.** check. Am. Compl. ¶¶ 24, 72-82. Yet, in their Response, the Plaintiffs allege the "[C]orporate Defendants (including Via World Art Gallery, LLC, Grove Fine Art, and Via Art) used their corporate checking accounts with checks signed by the [i]individual Defendants (as individuals or acting as corporate representatives) to pay Plaintiffs their wages." Response p. 9. The Plaintiffs cannot attempt, through their Response,


**LAW OFFICES OF AARON RESNICK, PA**
100 Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

to expand upon the facts pled in the Amended Complaint. Should the Plaintiffs wish to amend their Complaint, they should do so in accordance with the applicable rule of civil procedure.

## III. CONCLUSION

For the foregoing reasons, Defendants, Grove Fine Art LLC d/b/a Grove Fine Art, Via Art Gallery, Inc., Via World Art Gallery, LLC, Silvia Castro, and Leslie Roberts a/k/a Howard Roberts, request that this Court enter an Order granting their Motions to Dismiss and granting such other relief this Court deems just and proper.

Respectfully submitted,

By: /s/*Aaron Resnick*
**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**
**THE LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607
Miami, Fl 33132
Tel: 305-672-7495
Fax: 305-672-7496
Email: aresnick@thefirmmiami.com
Secondary Email: efile@thefirmmiami.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of April 2019, I caused a true and correct copy of the foregoing to be served via CM/ECF on all counsel of record listed below:

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin, LLC
lowell@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tel: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

By: /s/*Aaron Resnick*
**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**