UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:18-cv-24031-KMW

MARLON COSTA,
MARIIA MYTROFANOVA, and
ANASTASIIA MOLOTKOVA,

Plaintiffs,

v.

GROVE FINE ART LLC
d/b/a Grove Fine Art, a Florida corporation,
VIA ART GALLERY INC., a Florida corporation,
VIA WORLD ART GALLERY, LLC a Florida corporation,
SILVIA CASTRO and LESLIE ROBERTS a/k/a
HOWARD ROBERTS, individuals.

Defendants.
_________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF CLAIM [D.E. 6]**

Pursuant to the Notice of Court Practice in FLSA Cases and Referral to Magistrate Judge for Settlement Conference and Fairness Determination [D.E. 5], Defendants, Grove Fine Art LLC d/b/a Grove Fine Art ("Grove Fine Art"), Via Art Gallery Inc. ("Via Art"), Via World Art Gallery, LLC ("Via World Art"). Silvia Castro ("Mrs. Castro") and Leslie Roberts a/k/a Howard Roberts ("Mr. Roberts") (collectively, the "Defendants"), through their undersigned counsel, hereby file their Response to Plaintiffs, Marlon Costa ("Mr. Costa"), Mariia Mytrofanova ("Ms. Mytrofanova"), and Anastasiia Molotkova's ("Ms. Molotkova") (collectively, the "Plaintiffs") Statement of Claim [D.E. 6] (the "Response"). In support of their Response, Defendants state as follows:

**a. Contrary to their Assertions, the Plaintiffs' Did Not Work Overtime.**

Defendants deny that they violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("FLSA") and deny that the Plaintiffs are entitled to any relief, including overtime pay, liquidated damages, attorney's fees, and costs as described in Plaintiffs' Amended Complaint and Statement of Claim.

**b. Mr. Costa's Allegations.**

Plaintiff, Mr. Costa, alleges he worked for Grove Fine Art from approximately November of 2017 to July 22, 2018 and was paid an hourly rate of $12 per hour. *See* Plaintiff's Statement of Claim as Exhibit "A." He alleges that he worked 125.5 overtime hours for which he was paid the straight time wage of $12 per hour and that he is owed $753.00 in unpaid overtime wages. *Id.* Mr. Costa's preliminary calculations do not show, nor does he identify, even one work week in which he worked overtime. Mr. Costa was an independent contractor, not an employee of the Defendants, and therefore, not entitled to overtime compensation.

Copies of documents supporting Mr. Costa's claim are also conspicuously missing from this Court's record because no such documents exist. He has presented nothing more than a "formulaic recitation of the elements" of an FLSA overtime claim, which does not plausibly entitle him to relief for unpaid overtime, much less liquidated damages. Mr. Costa was given a 1099 form for 2017 and 2018, copies of which will be produced along with text messages and copies of checks under separate cover. In 2017, Mr. Costa earned nonemployee compensation of $4,608.00. In 2018, Mr. Costa earned nonemployee compensation of $13,420.57.

Mr. Costa has never worked more than forty (40) hours in any given week. Moreover, the Defendants cannot provide their estimate of the number of hours worked during each week for


LAW OFFICES OF AARON RESNICK, PA
100 North Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

which unpaid wages are claimed because Mr. Costa has failed to identify any particular weeks in which he worked overtime.

**c. Ms. Mytrofanova's Allegations.**

Plaintiff, Ms. Mytrofanova, claims she worked for Grove Fine Art as an art gallery assistant from approximately June of 2017 to July of 2018 and was paid an hourly rate of $12 per hour. *Id.* Ms. Mytrofanova estimates that she worked 104 overtime hours for which she was paid the straight time wage of $12 per hour and that she is owed $624.00 in unpaid overtime wages. Ms. Mytrofanova's preliminary calculations do not show, nor does she identify, even one work week in which she worked overtime. Ms. Mytrofanova was an independent contractor not an employee of the Defendants and therefore not entitled to overtime compensation.

Copies of documents supporting Ms. Mytrofanova's claim are also conspicuously missing from this Court's record because no such documents exist. She has presented nothing more than a "formulaic recitation of the elements" of an FLSA overtime claim, which does not plausibly entitle her to relief for unpaid overtime, much less liquidated damages. Ms. Mytrofanova was given a 1099 form for 2017 and 2018, copies of which will be produced along with copies of checks under separate cover. In 2017, Ms. Mytrofanova was paid nonemployee compensation of $14,300.15. In 2018, Ms. Mytrofanova was paid nonemployee compensation of $9,768.00.

Ms. Mytrofanova has never worked more than forty (40) hours in any given week. Moreover, the Defendants cannot provide their estimate of the number of hours worked during each week for which unpaid wages are claimed because Ms. Mytrofanova has failed to identify any particular weeks in which she worked overtime.


**LAW OFFICES OF AARON RESNICK, PA**
100 North Biscayne Boulevard · Suite 1607 · Miami, Florida 33132
Telephone (305) 672-7495 · Facsimile (305) 672-7496

**d. Ms. Molotkova's Allegations.**

Plaintiff, Ms. Molotkova, alleges she worked for Grove Fine Art as an art gallery assistant from approximately October of 2017 to May of 2018 and was paid an hourly rate of $12 per hour. *Id.* She claims she worked 14.5 over time hours for which she was paid the straight time wage of $12 per hour and that she is owed $87.00 in unpaid overtime wages. *Id.* Ms. Molotkova's preliminary calculations do not show, nor does she identify, even one work week in which she worked overtime. Ms. Molotkova was an independent contractor not an employee of the Defendants and therefore not entitled to overtime compensation.

Copies of documents supporting Ms. Molotkova's claim are also conspicuously missing from this Court's record because no such documents exist. She has presented nothing more than a "formulaic recitation of the elements" of an FLSA overtime claim, which does not plausibly entitle her to relief for unpaid overtime, much less liquidated damages.

Ms. Molotkova was given a 1099 form for 2017 and 2018, copies of which will be produced along with copies of checks under separate cover. In 2017, Ms. Molotkova was paid nonemployee compensation of $4,382.00. In 2018, Ms. Molotkova was paid nonemployee compensation of $5,514.00.

Ms. Molotkova has never worked more than forty (40) hours in any given week. Moreover, the Defendants cannot provide their estimate of the number of hours worked during each week for which unpaid wages are claimed because Ms. Molotkova has failed to identify any particular weeks in which she worked overtime.

As discovery progresses in this action, the Defendants reserve the right to modify and supplement their response, to produce additional documents supporting their defenses, and to assert additional defenses not noted above.

Respectfully submitted,

By: /s/*Aaron Resnick*

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**
**THE LAW OFFICES OF AARON RESNICK, P.A.**
100 Biscayne Boulevard, Suite 1607
Miami, Fl 33132
Tel: 305-672-7495
Fax: 305-672-7496
Email: aresnick@thefirmmiami.com
Secondary Email: efile@thefirmmiami.com
*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April 2019, I caused a true and correct copy of the foregoing to be served via CM/ECF on all counsel of record listed below:

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin, LLC
lowell@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tel: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

By: /s/*Aaron Resnick*

**AARON R. RESNICK, ESQ.**
**Florida Bar No. 141097**

Tel: 305-672-7495
Fax: 305-672-7496
E-Mail: Aresnick@thefirmmiami.com
Secondary E-Mail: efile@thefirmmiami.com
*Attorney for the Defendants*